**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| QUADIR ARMSTRONG, | : | |
| | : | Civil Action No. 16-7082 (CCC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| UNION COUNTY DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

Plaintiff is proceeding with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated by Defendants for refusing to accommodate his disability and medical needs. Because Plaintiff is a prisoner seeking redress from a governmental entity or officer, federal law requires this Court to screen the Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915A(b). It appearing:

1. Plaintiff asserts claims against Union County and the Union County Department of Corrections. Although counties and its agencies are not immune to suit under § 1983, *see N. Ins. Co. of N.Y. v. Chatham Cty., Ga.*, 547 U.S. 189, 193-94 (2006) ("[The Supreme] Court has repeatedly refused to extend sovereign immunity to counties."), "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Caldwell v. Egg Harbor Police Dep't*, 362 F. App'x 250, 251 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, to

1

hold a municipality liable, the plaintiff must identify an official custom or policy that caused a constitutional deprivation. *Id.* at 251-52. It is not enough that a plaintiff alleges his constitutional rights have been violated by some unidentified policy or custom—the plaintiff must point to a specific policy or custom that caused the alleged violation. *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014). "Simply paraphrasing § 1983" is insufficient to "satisfy the 'rigorous standards of culpability and causation' required to state a claim for municipal liability." *Id.* (quoting *McTernan v. City of York*, 564 F. 3d 636, 658-59 (3d Cir. 2009)). Here, Plaintiff makes no allegations that any policy or custom led to the alleged violations of his rights, let alone identifies any specific policy or custom that may have done so. As such, claims against Defendants Union County and Union County Department of Corrections are dismissed without prejudice, and these defendants are dismissed from the case.

2. Plaintiff also names Ronald Charles, the director of the Union County Department of Corrections, as a defendant. "Government officials may not be held liable for the unconstitutional conduct of their subordinates[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* While affirmative action by a supervisory official is not required to state a § 1983 claim, Plaintiff must still show that "a supervisor . . . had knowledge and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (rev'd on other grounds); *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."). "[A]llegations [that] . . . merely assert their involvement in the post-incident grievance process" are insufficient to establish liability. *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005). "Merely responding to or reviewing an inmate

grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015).

3. Here, Plaintiff alleges that he had filed numerous grievances regarding the alleged violations. (ECF No. 1 at 7.) However, there is no allegation that Charles had actual knowledge of these grievances. That Charles sits in the chain of supervisory authority, with some tangential responsibility to supervise the prison guards and officials, is grossly insufficient to hold him responsible for the alleged violations of Plaintiff's rights. The hallmark of Eighth Amendment claims is deliberate indifference, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and Plaintiff's allegations against Charles, or the lack thereof, falls far short of establishing that element of an Eighth Amendment claim—indeed, there is no allegation that Charles was or is even aware of Plaintiff's predicament. Accordingly, the claim against Charles is dismissed without prejudice, and he is dismissed from the case.

4. Otherwise, the balance of the Complaint is allowed to proceed past screening.

5. Finally, also before the Court is Plaintiff's *in forma pauperis* ("IFP") application, even though Plaintiff has paid the $400 filing fee for this case. (ECF No. 1-3.) The Court assumes the purpose of the application is to qualify Plaintiff for service by the United States Marshal. However, under federal law, a prisoner is required to attach, with the IFP application, a six-month prison account statement certified by an authorized prison official for the period immediately preceding the filing of the Complaint, and Plaintiff has not done so. *See* 28 U.S.C. § 1915(a)(2). Furthermore, Plaintiff admits that he receives a yearly income of $3,300.00, or $275.00/month. (ECF No. 1-3 at 2.) As a prisoner who should be provided the necessities of life by the prison, that exceeds the threshold to qualify for IFP status. *See Shahin v. Sec. of Del.*, 532 F. App'x 123,

3

124 (3d Cir. 2013) (holding that a plaintiff with a monthly income of $95, when such plaintiff was provided food, clothing, shelter, and medical expenses, does not qualify for *in forma pauperis* status, because "requiring her to save for several months, would not deprive her of the 'necessities of life.'"). Thus, Plaintiff's IFP application is denied.

**IT IS** therefore on this ‎4 day of January, 2017,

**ORDERED** that all claims against Defendants Union County, Union County Department of Corrections, and Ronald Chares are hereby **DISMISSED WITHOUT PREJUDICE**, and these defendants are hereby **DISMISSED** from the case; it is further

**ORDERED** that all other claims are permitted to proceed; it is further

**ORDERED** that the Clerk shall file the Complaint and issue summons; it is further

**ORDERED** that Plaintiff's *in forma pauperis* application, ECF No. 1-3, is hereby **DENIED**; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A), upon proper service of process by Plaintiff; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff files an amended complaint, or seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the filing by regular mail upon each party at his last known address and (2) file a Certificate of Service.[1]

Claire C. Cecchi, U.S.D.J.

---

[1] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

4